**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
TAMPA DIVISION

**BRETT FORREST,**

Plaintiff,

v.

**SUPERIOR SKILLED TRADES, LLC,**
**a Florida limited liability company,**

Defendant.
_________________________________/

Case No.: ______________________

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRETT FORREST ("Plaintiff" or "Mr. Forrest"), sues Defendant, SUPERIOR SKILLED TRADES, LLC ("SST" or "Defendant"), and alleges:

## I. NATURE OF THE ACTION

1. This is an action under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. (the "FMLA"), for interference with Plaintiff's FMLA rights and for retaliation against him for exercising them.

2. Plaintiff has also been subjected to disability discrimination, failure to accommodate and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act, Chapter 760, Florida Statutes. Those claims require the prior filing of a charge of discrimination, which

Plaintiff is filing with the U.S. Equal Employment Opportunity Commission and the Florida Commission on Human Relations. Plaintiff will seek leave to amend this Complaint to add them once the administrative prerequisites are satisfied.

## II. PARTIES, JURISDICTION AND VENUE

3. Plaintiff is an individual, a former employee of SST, and is sui juris.

4. Defendant SST is a Florida limited liability company (Florida Department of State Document No. L18000082179) with its principal office at 971 Eyster Boulevard, Suite 101, Rockledge, Florida 32955. At all material times SST operated an office at 5830 W. Cypress Street, Suite D, Tampa, Florida 33607, where Plaintiff worked.

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2), because Plaintiff's claims arise under the laws of the United States.

6. Venue is proper in this District and Division under 28 U.S.C. § 1391(b) and Local Rule 1.04, because the events giving rise to Plaintiff's claims occurred in Hillsborough County, Florida, and SST resides in this District.

## III. FMLA COVERAGE AND ELIGIBILITY

7. SST is an "employer" within the meaning of 29 U.S.C. § 2611(4): it is engaged in commerce or an industry affecting commerce and employed fifty or more employees for each working day during each of twenty or more calendar workweeks in the current or preceding calendar year.

8. Plaintiff was an "eligible employee" within the meaning of 29 U.S.C. § 2611(2): he had been employed by SST for at least twelve months, had worked at least 1,250 hours during the twelve months preceding his leave, and worked at a worksite at which, or within seventy-five miles of which, SST employed fifty or more employees.

9. SST itself treated Plaintiff as FMLA-eligible: its Human Resources department placed him on leave under the FMLA.

## IV. FACTS

10. Plaintiff has twenty-one years of experience in his industry. He worked for SST at its Tampa office until September 16, 2026, and was among SST's top performers.

11. Plaintiff's workdays for SST routinely ran from approximately 5:30 a.m. to 10:00 p.m.

12. Plaintiff suffers from high blood pressure and has suffered two strokes, at least one of them while employed by SST.

13. Plaintiff's condition is a "serious health condition" within the meaning of 29 U.S.C. § 2611(11): it incapacitated him for more than three consecutive full calendar days and required continuing treatment by a health care provider. *See* 29 C.F.R. § 825.115(a).

14. SST knew of Plaintiff's condition. After Plaintiff suffered a stroke while employed by SST, SST's Human Resources department placed Plaintiff on FMLA leave and advised him to apply for short-term disability benefits.

15. Plaintiff took FMLA leave, and received short-term disability benefits, for approximately two weeks, and then returned to work at SST.

16. When Plaintiff returned from FMLA leave, SST [CONFIRM WITH BRETT BEFORE FILING - the one fact no firm record holds: describe - e.g., did not restore him to the same or an equivalent position; changed his duties, pay, territory or schedule; made comments about his health or his leave; disciplined him; pressured him to return early or to resign - and identify who was involved and when].

17. SST took those actions because Plaintiff had taken FMLA leave and because of his serious health condition.

18. The working conditions SST imposed after Plaintiff's return were so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign. On September 16, 2026, Plaintiff resigned. His resignation was a constructive discharge.

19. As a direct result of SST's conduct, Plaintiff has lost wages, commissions and employment benefits, and continues to lose them.

20. SST's violations of the FMLA were not in good faith, and SST had no reasonable grounds for believing that its acts or omissions complied with the FMLA.

21. Plaintiff has retained the undersigned counsel and is obligated to pay them a reasonable fee.

**COUNT I - FMLA INTERFERENCE (29 U.S.C. §§ 2615(a)(1), 2617)**

22. Plaintiff realleges paragraphs 1 through 21.

23. Plaintiff was entitled to FMLA benefits, including leave for his own serious health condition under 29 U.S.C. § 2612(a)(1)(D) and, on his return, restoration to the position he held when his leave began or to an equivalent position with equivalent benefits, pay and other terms and conditions of employment under 29 U.S.C. § 2614(a)(1).

24. SST interfered with, restrained and denied Plaintiff's exercise of those rights, in violation of 29 U.S.C. § 2615(a)(1), including by the conduct described in paragraph 16.

25. To prevail on this claim, Plaintiff need not prove that SST intended to deny him the benefit; he need only show that he was entitled to the benefit and was denied it. *Strickland v. Water Works & Sewer Bd. of Birmingham*, 239 F.3d 1199, 1208 (11th Cir. 2001).

26. As a result, Plaintiff has suffered damages, including lost wages, salary, employment benefits and other compensation.

WHEREFORE, Plaintiff demands judgment against SST in an amount not less than FIFTY MILLION DOLLARS ($50,000,000.00), together with (a) lost wages, salary, employment benefits and other compensation, 29 U.S.C. § 2617(a)(1)(A)(i); (b) interest, § 2617(a)(1)(A)(ii); (c) an additional, equal amount as liquidated damages, § 2617(a)(1)(A)(iii); (d) equitable relief, including reinstatement or, in lieu of reinstatement, front pay, § 2617(a)(1)(B); (e) reasonable attorney's fees, expert witness fees and costs, § 2617(a)(3); and (f) such further relief as the Court deems just.

**COUNT II - FMLA RETALIATION (29 U.S.C. §§ 2615(a)(2), 2617)**

27. Plaintiff realleges paragraphs 1 through 21.

28. Plaintiff engaged in statutorily protected activity by requesting and taking FMLA leave.

29. Plaintiff suffered adverse employment actions, including the treatment described in paragraph 16 and his constructive discharge on September 16, 2026.

30. The adverse actions were causally connected to Plaintiff's protected activity: they followed closely on his return from FMLA leave, and SST took them because he had taken that leave. *See Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297-98 (11th Cir. 2006).

31. SST's conduct violated 29 U.S.C. § 2615(a)(2).

32. As a result, Plaintiff has suffered damages, including lost wages, salary, employment benefits and other compensation.

WHEREFORE, Plaintiff demands judgment against SST in an amount not less than FIFTY MILLION DOLLARS ($50,000,000.00), together with (a) lost wages, salary, employment benefits and other compensation, 29 U.S.C. § 2617(a)(1)(A)(i); (b) interest, § 2617(a)(1)(A)(ii); (c) an additional, equal amount as liquidated damages, § 2617(a)(1)(A)(iii); (d) equitable relief, including reinstatement or, in lieu of reinstatement, front pay, § 2617(a)(1)(B); (e) reasonable attorney's fees, expert witness fees and costs, § 2617(a)(3); and (f) such further relief as the Court deems just.

## RESERVATION OF CLAIMS

33. Plaintiff expressly reserves, and will seek leave to add by amendment, his claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12112 and 12203, and the Florida Civil Rights Act, § 760.10, Florida Statutes, upon satisfaction of their administrative prerequisites, and any claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b).

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable. Fed. R. Civ. P. 38(b).

Dated: ____________, 2026

Respectfully submitted,

VINDEX PRIVATUS, PLLC

/s/ Michael P. Thomson-Hernandez
Michael P. Thomson-Hernandez, Esq.
Florida Bar No. 1074901
Lead Counsel for Plaintiff
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, FL 33134
Tel: (305) 608-0604
Email: michael@vindexprivatus.com
Counsel for Plaintiff, Brett Forrest